IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHARLES STEVENS**                                                            **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 4:08cv23-LRA**

**WILLIE BOOKERT**                                                 **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Charles Stevens [hereinafter "Plaintiff"], *pro se,* and Lee Thaggard, counsel for Willie Bookert [hereinafter "Defendant"], appeared before the undersigned United States Magistrate Judge on the 18th day of August, 2008, for an omnibus hearing. The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915A. This statute requires the Court to screen prisoner complaints when a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The provisions for the review are stated in the statute as follows:

> (b) **Grounds for dismissal.**----- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-----
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

Although an initial screening was performed in this case prior to the entry of the Order directing that process be served on Defendants, this hearing allowed the Court to

1

reconsider Plaintiff's claims after hearing him explain his case under oath. The hearing also facilitated the Court's intentions of insuring all parties the just, speedy and inexpensive determination of Plaintiff's claims.

Jurisdiction of this case is based upon 42 U.S.C. § 1983, and it was assigned to the undersigned United States Magistrate Judge for all purposes pursuant to the consent of the parties by Order [docket entry number 21] entered by Chief District Judge Henry T. Wingate on September 30, 2008. After due consideration of the Complaint, as augmented by Plaintiff's sworn testimony in the omnibus hearing, the Court does hereby find that Plaintiff's claims are not supported by a factual or legal basis pursuant to 28 U.S.C. § 1915A. The claims are frivolous[1] and fail to state a claim on which relief may be granted.

As evidenced by both the Complaint and Plaintiff's testimony at the omnibus hearing, the only claim against Defendant Bookert is one of negligent conversion. Plaintiff was housed in the East Mississippi Correctional Facility in Meridian, Mississippi, and Defendant Bookert was an officer there. Plaintiff contends that Defendant Bookert misplaced all of Plaintiff's property, including trial transcripts, a radio, photos, and hygiene products, during a period of time when Plaintiff was placed in administrative segregation. The property was never turned into the property room, but was kept in Defendant Bookert's office for over two months. His office was broken into by inmates and items were taken on several occasions.

---

[1] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. See Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995).

Plaintiff asked Defendant Bookert to reimburse him for the value of his property. Plaintiff was also not happy with the manner in which his ARP regarding the property was handled thereafter. Plaintiff does not charge that Defendant Bookert intentionally stole the property; Plaintiff contends that it was "misplaced."

Liberally construing the complaint, as buttressed by the sworn testimony of Plaintiff, the Court interprets his claim as one under the Fourteenth Amendment wherein he was "deprived" of his property without due process of law. However, the claim against Defendant Bookert can only be construed as one of mere negligence and does not rise to an intentional deprivation of Plaintiff's property.

It is well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post-deprivation remedies exist. *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). "Under the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." Alexander v. Leyoub, 62 F.3d 709, 712 (5th Cir. 1995); Hudson, 468 U.S. at 533, Parratt v. Taylor, 451 U.S. 527, 541-44 (1981), *overruled in part by* Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). The *Parratt/Hudson* doctrine is applicable if (1) the deprivation was unpredictable or unforeseeable; (2) predeprivation process would have been impossible or impotent to counter the state actors particular conduct; and (3) the conduct was unauthorized in the sense that it was not within the officials' express or implied authority. Caine v. Hardy, 942 F.2d 1406, 1413 (5th Cir. 1991) (en banc). If employees are acting in accord with customary procedures, the "random and unauthorized' element required for

the application of the *Parratt/Hudson* doctrine is simply not met." Brooks v. George County, Miss., 84 F.3d 157, 165 (5th Cir. 1996).

In Stevens's case, he does not charge that Defendant Bookert *intentionally stole* his property; he only charged that Bookert "misplaced" his property. Claims of *negligent deprivation*, such as this, simply do not violate Due Process. Daniels v. Williams, 474 U.S. at 328; Davidson v. Cannon, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). In Daniels, the United States Supreme Court held that the "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." 474 U.S. at 328. In so holding, the Court stated that "[w]e have previously rejected reasoning that 'would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States.'" 474 U.S. at 332 [citation omitted]. The Court in Daniels stated:

> Where a government official's act causing injury to life, liberty, or property is merely negligent, no procedure for compensation is constitutionally required.

*Id.,* 474 U.S. at 333 [*citations omitted*].

Applying the applicable law, the Court finds that no constitutional cause of action lies for the negligent deprivation of property by state officials, *whether or not* an "adequate" state remedy exists. Hence, Plaintiff has failed to set forth a constitutional claim for which relief may be granted.

For these reasons, the Court finds that Plaintiff's claims have no arguable basis either in law or in fact and should be dismissed pursuant to 28 U.S.C. § 1915A. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered on this date.

4

THEREFORE, it is hereby ordered that this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b). A Final Judgment in favor of Defendant Willie Bookert shall be entered on this date.

IT IS SO ORDERED, this the 24th day of July, 2009.


                                                        S/ Linda R. Anderson
                                            UNITED STATES MAGISTRATE JUDGE